## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Rewel F. Viera-Martinez, employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, having been duly sworn, do hereby depose and state as follows:

## AGENT BACKGROUND

1. I have been employed as a Special Agent of the Bureau of ATF with the United States Department of Justice since September 2023. I am a graduate of the Federal Law Enforcement Training Center's criminal investigator training program as well as the ATF National Academy, where I received more than 1080 hours of training, including but not limited to firearms ID and handling, executing warrants, defensive tactics, interview techniques, surveillance techniques, undercover operations, investigation techniques, and others.

2. Prior to my employment with ATF, I was a U.S. Border Patrol Agent under the United States Customs and Border Protection for two (2) years in Eagle Pass, Texas. My duties included enforcing immigration law by patrolling between ports of entry, conducting immigration inspections, responding to sensor activations, interdicting narcotics and human trafficking, and processing non-citizens, among other things. I also received medical training and was a certified EMT for the U.S. Border Patrol.

3. Through training, investigations, and experience, I have taken part in cases relating to the trafficking of firearms, the illegal possession of firearms, and the use of firearms in violent crimes by individuals and Drug Trafficking Organizations.

4. The information set forth herein is based on my personal knowledge, information obtained through interviews, the information provided to me by other law enforcement officers, and through other various forms of information. This affidavit is offered for the limited purpose of establishing probable cause that **[1] Francisco Janniel ROSARIO-CARRASQUILLO** ("ROSARIO-CARRASQUILLO") violated Title 21 U.S.C. §§ 841(a)(1), 18 U.S.C. §§ 922(o), and 924(c)(a)(1), **[2] Miguel Angel MENDEZ-MERCADO** ("MENDEZ-MERCADO") violated Title 21 U.S.C. §§ 841(a)(1), 18 U.S.C. §§ 922(o), and 924(c)(a)(1) and **[3] Edwards RAMIRES-OCASIO** ("RAMIRES-OCASIO") violated Title 21 U.S.C.

1

§§ 841(a)(1), 18 U.S.C. §§ 2, 924(c)(a)(1). Therefore, I have not recited every fact known to me as a result of this investigation.

5. I am familiar with the information contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who obtained information through investigation and surveillance, which they, in turn, reported to me. This includes interviews conducted with local and federal law enforcement with victim(s) and suspect(s).

## FACTS THAT ESTABLISH PROBABLE CAUSE

6. On February 10, 2025, Puerto Rico Police Bureau (PRPB) Agents were executing an operational plan. PRPB agents received an anonymous tip regarding a 2015 Blue Lexus SUV with Dark tinted windows, bearing license plate IQU-406, that, according to the information received, the occupants were carrying illegal firearms. At approximately 1:30 pm, PRPB agents observed the vehicle heading northbound towards San Juan, transiting on State Highway Baldorioty de Castro. The PRPB performed a traffic stop on the Blue Lexus near a vacant, empty building commonly referred to as the "Font Tower" due to the aforementioned tinted windows which were over the limit. Upon approaching the vehicle on both sides, PRPB agents instructed the driver to lower all the windows of the vehicle, noticing that five occupants where inside. The vehicle occupants were distribute as follows: The driver, a female in the front side passenger seat, a female in the rear left side seat, a male in the rear middle seat, and a male in the rear right side seat. PRPB Agent noticed a strong odor, which, based on their training and experience, they could articulate as marijuana. PRPB Agents also saw that the driver, who was later identified as **Francisco Janniel ROSARIO-CARRASQUILLO**, wearing a black and gray SUPREME fanny pack on the right side of his waistband wich appear to be completely full. The PRPB agent on the driver side requested the license and registration from ROSARIO-

2

CARRASQUILLO. Subsequently PRPB Agents stated that ROSARIO-CARRASQUILLO seemed nervous and started manipulating his fanny pack. ROSARIO-CARRASQUILLO stated he wanted to call his lawyer. The PRPB agent on the driver side told him to step out of the vehicle for officer safety, based on his training and experience and the tip received that the persons inside the vehicle were armed, and to call his lawyer. While ROSARIO-CARRASQUILLO was exiting the vehicle, the PRPB agent standing next to the passenger seat window and with a full view of ROSARIO-CARRASQUILLO waistband, observed a protruding object from the fanny pack, that based on his training and experience the PRPB agent inmediatly identified as an extended magazine attached to the buttstock of a firearm.

7. The PRPB agent, due to officer safety reasons, yelled *"Pistola!, Pistola!, Pistola!"* (translated as Pistol!, Pistol!, Pistol!) to alert the other agents about the imminent threat to their lives. ROSARIO-CARRASQUILLO took advantage of the situation and ran away from the car towards the Pontezuela area. PRPB agents engaged in a foot pursuit while other agents stayed behind, securing the vehicle with the rest of the occupants. PRPB agents yelled *"Pare!"* (translated as Stop!) multiple times, to which ROSARIO-CARRASQUILLO ignored the agent's commands. PRPB agents continued the foot pursuit while maintaining eye contact on ROSARIO-CARRASQUILLO at all times. PRPB agents were able to catch up with ROSARIO-CARRASQUILLO, who resisted the arrest; after a struggle with ROSARIO-CARRASQUILLO, the agents finally managed to place him under arrest.

8. After a Search Incident to arrest PRPB agents found and seized the following evidence:
    - One (1) Glock 19 Gen 5, 9x19, 9mm caliber pistol, bearing SN: BXRC-444 with a

   machinegun conversion device inside the fanny pack.

   - One (1) black and grey SUPREME fanny pack
   - Approximately seven (7) .9mm extended magazines
   - Approximately two hundred and four (204) rounds of 9mm ammunition
   - Approximately two (2) small, white-capped cylindrical containers containing a green leafy substance
   - One (1) small clear plastic baggie containing a pink powdery substance

9. After the apprehension, ROSARIO-CARRASQUILLO spontaneously stated, "Whatever is there is mine," and "My wife has nothing to do with it," regarding the female traveling with him as the front side passenger.

10. The PRPB Agents who stayed custodying the vehicle with the other occupants observed that they were getting impatient. One of the PRPB agents observed when one male occupant who was traveling in the middle back seat of the vehicle, later identified as Miguel Angel MENDEZ-MERCADO, threw a black fanny pack that he had in his possession into the front side of the vehicle and wanted to exit the vehicle. A PRPB agent stated he was not free to go because a police criminal investigation was being conducted. The subject ignored the police command and forced his way out of the vehicle. The PRPB agent tried to apprehend MENDEZ-MERCADO, managing to put one handcuff on one of his hands. Still, MENDEZ-MERCADO overpowered the officer, hitting her in the chest and chin, causing multiple injuries to the officer. While trying to flee the scene, MENDEZ-MERCADO fell to the ground, when he stoop up from somewhere in his person, dropped to the floor what the officers recognized to be a firearm loaded with a magazine next to where he fell. The injured officer managed to secure the firearm while another PRPB agent

engaged in a foot pursuit, constantly giving commands to Stop, which MENDEZ-MERCADO ignored. While trying to jump over a wall MENDEZ-MERCADO fell to the ground and was placed under arrest. After MENDEZ-MERCADO was placed under arrest, the agent managed to seize the following firearm (found on the street after MENDEZ-MERCADO dropped it):

- One (1) Glock Austria 27, .40 caliber pistol, bearing SN: CBF989US, with a machine gun conversion device
- One (1) .40 magazine
- Approximately eleven (11) rounds of .40 ammunition

11. A third individual who was located on the rear right seat behind the front passenger, later identified as **Edwards RAMIREZ-OCASIO,** was also placed under arrest. After a search incident to arrest, the following evidence was seized from his person:

- Approximately ten (10) small clear plastic baggies inside a bigger plastic bag with a green seal containing a white powdery substance with a "NOCTURNA" sticker logo on it.

12. After the execution of this operation, the PRPB agents observed what they identified as more evidence inside the vehicle. The PRPB agents sealed the vehicle and proceeded to request and obtain a state search warrant. Upon completion of the search warrant, PRPB agents were able to find and seize the following evidence:

- One (1) clear fisherman plastic box (found protruding from inside the rear seat pocket behind the front side passenger seat directly in front of where RAMIREZ-OCASIO was seated) containing the following substances inside:
    - Approximately seventy-seven (77) small clear plastic baggies containing a

   white powdery substance, many of them with the "NOCTURNA" logo, were found on RAMIREZ-OCASIOs' person. These were field tested positive for Cocaine.

   - Approximately nine (9) clear plastic baggies containing a green leafy substance. This were field tested positive for Marijuana.
   - One (1) plastic container with a white cap containing a green leafy substance.
   - Approximately ten (10) pharmaceutical pills light orange in color.
   - Approximately five (5) pharmaceutical pills white in color.
 - One (1) medium plastic bag containing drug paraphernalia.
 - One (1) black scanner
 - One (1) black fanny pack (the same that MENDEZ-MERCADO threw to the front of the vehicle) containing the following evidence:
   - Approximately three (3) Glock extended magazines .40 caliber
   - Approximately sixty-three (63) rounds of .40 caliber ammunition
 - One (1) ski mask
 - Approximately seven (7) electronic devices (cell phones)

13. An examination of the firearms and preliminary field test without ammunition indicated that the firearms are likely able to fire more than a single round of ammunition per single function of the trigger, which would meet the legal definition of a machinegun. One of the firearms had a metal backing plate with a protruding welding spot, and the other had a selector switch holding a metal

chip, clearly visible to the naked eye or anyone handling the firearms, which allows the firearms to fire more than a single round of ammunition per single function of the trigger. This is not the standard backing plate for either the Glock Austria, Model 27, .40 caliber pistol nor the Glock 19, Gen 5, 9mm caliber pistol.

14. Pictures of the items seized are as follows:















*Intentionally left blank*

15. Based on the above facts, the undersigned affiant believes there is probable cause to charge **[1] Francisco Janniel ROSARIO-CARRASQUILLO** ("ROSARIO-CARRASQUILLO") violated Title 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (cocaine and marijuana)18 U.S.C. §§ 2 aid and abbet, 18 U.S.C. §§ 922(o), and 924(c)(a)(1) 18 U.S.C. §§ 2 aid and abbet, **[2] Miguel Angel MENDEZ-MERCADO** ("MENDEZ-MERCADO") violated Title 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (cocaine and marijuana) 18 U.S.C. §§ 2 aid and abbet, 18 U.S.C. §§ 922(o), and 924(c)(a)(1) 18 U.S.C. §§ 2 aid and abbet and **[3] Edwards RAMIRES-OCASIO** ("RAMIRES-OCASIO") violated Title 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (cocaine and marijuana) 18 U.S.C. §§ 2 aid and abbet, 18 U.S.C. §§ 2, 924(c)(a)(1) 18 U.S.C. §§ 2 aid and abbet.

Respectfully submitted,

_____
Rewel F. Viera Martinez
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn by telephone pursuant to the requirements of Fed. R. Crim. P. 4.1 at 4:10 PM on February 11, 2025.

_____
Hon. Marcos E. López
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

14